```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

WENDY LEE FARNSWORTH,

                              Plaintiff,      1:16-cv-00381-MAT-LGF
                                                     **DECISION AND ORDER**
        -vs-

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                              Defendant.

**INTRODUCTION**

Wendy Lee Farnsworth ("Plaintiff"), represented by counsel, brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On June 4, 2018, Magistrate Judge Leslie G. Foschio issued a Report and Recommendation (the "R&R") (Docket No. 15) recommending that Defendant's motion be granted and Plaintiff's motion be denied. As discussed further below, the Court adopts Judge Foschio's findings and accepts his recommendation as to the disposition of the pending motions.

**SCOPE OF REVIEW**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *See, e.g., Brown v. Peters*, 95-CV-1641-RSP-DS, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**PROCEDURAL BACKGROUND**

On May 24, 2012, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of April 3, 2012. Administrative Transcript ("T.") 242. The claims were initially denied on August 22, 2012. T. 113-20. At Plaintiff's request, a hearing was conducted on September 18, 2013, in Buffalo, New York by administrative law judge ("ALJ") Nancy G. Pasiecznik, with Plaintiff appearing with her attorney. Vocational expert ("VE") David Festa also testified. T. 28-70.

ALJ Pasiecznik became unavailable before issuing a decision. ALJ Donald T. McDougall assumed responsibility for determining

Plaintiff's claim. T. 11. Accordingly, ALJ McDougall held a second hearing on October 24, 2014, with Plaintiff appearing with her attorney. VE Joe Pierson also testified. T. 71-100.

ALJ McDougall issued an unfavorable decision on February 25, 2015. T. 8-21. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on March 31, 2016, making the ALJ's decision the final determination of the Commissioner. T. 1-4. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016. T. 13.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 3, 2012, the alleged onset date. T. 13.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: vertebrogenic disorder; bilateral hearing loss; and migraine headaches. *Id*. The ALJ also noted Plaintiff had the medically determinable impairments of dry eyes and anxiety. However, the ALJ noted a review of the record indicated these impairments had no more than minimal impact on Plaintiff's work-related functional abilities. Accordingly, the ALJ found these additional impairments to be non-severe. T. 13-15.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 26.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), with the following additional limitations: she is unable to work around loud noises and any communication should be face-to-face; and she should not deal with difficult or obstreperous clients due to her hearing problems. T. 16.

At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a secretary. T. 20. In making this finding, the ALJ took into account VE Pierson's testimony that Plaintiff's RFC would reduce the number of available jobs in that category by approximately fifty percent. The ALJ determined that Plaintiff would still be capable of doing her past work, even with the reduced number of jobs. *Id*. Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Act and concluded the sequential process with making a finding at step five. *Id.*

## DISCUSSION

In her objections to the R&R, Plaintiff raises the following four arguments: (1) the ALJ failed to properly evaluate her past relevant work under Social Security Regulations ("SSR") 82-61 and 82-62 as a composite job; (2) the ALJ failed to appropriately

4

evaluate the disability-supporting opinions of treating orthopedic surgeon Dr. William N. Capicotto and treating neurologist Dr. Laszlo Mechtler under 20 C.F.R. § 404.1527(c); (3) the ALJ failed to perform a function-by-function analysis as required by SSR 96-8P before reaching an RFC finding; and (4) the ALJ erred in relying on an improper RFC finding consisting of a vague and improper limitation and further erred in relying on VE testimony based on that improper RFC finding.

The Commissioner contends that: (1) Judge Foschio correctly concluded that the ALJ reasonably relied on VE testimony that Plaintiff could perform her past relevant type of work; (2) Judge Foschio correctly concluded that the ALJ reasonably weighed the opinion evidence; (3) Judge Foschio correctly concluded that the ALJ provided a sufficient function-by-function analysis; and (4) Judge Foschio correctly concluded that the ALJ reasonably relied on the VE testimony. For the reasons set forth below, the Court finds that Plaintiff's objections are without merit.

1. **Evaluation of Plaintiff's Past Relevant Work**

Plaintiff contends that the ALJ erred in evaluating Plaintiff's past relevant work. In particular, Plaintiff contends that the ALJ erred in not classifying Plaintiff's work as a "composite" job. SSR 82-61 defines composite jobs as those which have "significant elements of two or more occupations and, as such, have no counterpart in the DOT."

At the first hearing, VE Festa testified that Plaintiff's past work "ranged between an administrative clerk and receptionist," and provided the ALJ with information on both positions. T. 63. Notably, the VE testified the administrative clerk position is classified at the light exertional level, while the receptionist position is classified as sedentary. *Id*.

At the second hearing, VE Pierson testified that Plaintiff's past work fell under the title of secretary, which is considered a skilled job at the sedentary level; however, "based on the testimony, [Plaintiff's past work] was performed more in the medium rate." T. 87. The VE clarified that the position of secretary is generally performed at the sedentary level, and that there were secretarial jobs (performed at the sedentary level) in the national economy that would match Plaintiff's RFC. *Id*.

In his decision, the ALJ stated that VE Pierson testified that the job of secretary (DOT # 201-362-030, skilled (svp 6), sedentary) meets the standards for relevant work set forth by the Agency. T. 20. The ALJ further noted that the VE testified that Plaintiff's RFC would reduce the jobs available by approximately fifty percent. However, the ALJ found that even taking the reduced number into consideration, Plaintiff could still perform her past relevant work as a secretary, noting numbers of jobs available is not an issue at step four. *Id.*

In the R&R, Judge Foschio found no merit in Plaintiff's argument regarding her past relevant work, noting that the ALJ had

At the first hearing, VE Festa testified that Plaintiff's past work "ranged between an administrative clerk and receptionist," and provided the ALJ with information on both positions. T. 63. Notably, the VE testified the administrative clerk position is classified at the light exertional level, while the receptionist position is classified as sedentary. *Id*.

At the second hearing, VE Pierson testified that Plaintiff's past work fell under the title of secretary, which is considered a skilled job at the sedentary level; however, "based on the testimony, [Plaintiff's past work] was performed more in the medium rate." T. 87. The VE clarified that the position of secretary is generally performed at the sedentary level, and that there were secretarial jobs (performed at the sedentary level) in the national economy that would match Plaintiff's RFC. *Id*.

In his decision, the ALJ stated that VE Pierson testified that the job of secretary (DOT # 201-362-030, skilled (svp 6), sedentary) meets the standards for relevant work set forth by the Agency. T. 20. The ALJ further noted that the VE testified that Plaintiff's RFC would reduce the jobs available by approximately fifty percent. However, the ALJ found that even taking the reduced number into consideration, Plaintiff could still perform her past relevant work as a secretary, noting numbers of jobs available is not an issue at step four. *Id.*

In the R&R, Judge Foschio found no merit in Plaintiff's argument regarding her past relevant work, noting that the ALJ had

appropriately relied on the VE's testimony at the October 24, 2014 hearing to conclude that Plaintiff was capable of performing her past relevant was as generally performed in the national economy. (Docket No. 15 at 14). The Court agrees.

As an initial point, the Court notes it is Plaintiff's burden to show she was unable to perform her past relevant work, both as she had performed it and as it is generally performed in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f), 404.1560(b); *see also Jasinksi v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (holding that at step four, "the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally") (citations omitted).

In this case, the VE at the first hearing testified Plaintiff's past relevant work was a combination of two jobs - one at a light exertional level, the other at a sedentary level. *See* T. 63. The VE at the second hearing classified Plaintiff's past relevant job as that of a secretary and testified that, as generally performed, such a job would be at the sedentary level, but as Plaintiff performed it, it was at the "medium" rate. T. 87. The ALJ's decision found Plaintiff was capable of performing at the sedentary level, and that work as a secretary does not require the performance of work-related activities precluded by Plaintiff's RFC. T. 20.

7

The Court finds, as Judge Foschsio did, that any failure by the ALJ to clarify the inconsistencies between the two VEs' testimonies was harmless error. The ALJ's ultimate conclusion relied upon the manner in which the work of a secretary is generally performed, not the manner in which Plaintiff actually performed it, and therefore did not rely on the precise classification of Plaintiff's prior work. *See Haskins v. Commissioner of Social Security*, No. 5:05-CV-292(DNH/RFT), 2008 WL 5113781, at *16 (N.D.N.Y. Nov. 25, 2008).

**2. Evaluation of Plaintiff's Treating Doctors' Opinions**

**A. Dr. Capicotto's Opinion**

Plaintiff next argues the ALJ failed to properly evaluate the disability-supporting opinions of two of Plaintiff's treating doctors. Specifically, Plaintiff contends the ALJ failed to use the six factors under 20 C.F.R. § 404.1527(c)in evaluating Dr. William Capicotto's opinion or give reasons for rejecting his opinion.

On February 28, 2012, Dr. Capicotto evaluated Plaintiff for her complaints of severe neck and low back pain. T. 629-35. Upon examination, Plaintiff showed no signs of acute distress and walked with a normal and well-balanced gait. Plaintiff's neck strength was at four out of five and she had tenderness at C3-C7, and directly over the spinous processes and to the right of the midline. T. 632. Plaintiff had a limited active range of motion of her neck, with left and right lateral flexion at twenty degrees. *Id*. Plaintiff's spinal range of motion was at ten degrees extension and forty

8

degrees forward flexion. T. 633. Her left and right straight leg raise tests were at ninety degrees. *Id*. Plaintiff's upper extremity strength was at five out of five at all points, with full range of motion bilaterally. *Id*. Her lower extremity strength was also at five out of five at all points. Dr. Capicotto reviewed spinal imagery with Plaintiff, noting the x-rays showed the L5-S1 disc was well beneath the intercristal line which travels through the top of L5. There was also a loss of lordosis L3, L4, with significant factional narrowing, if not a complete collapse at L5-S1. MRI imaging showed a herniation at C5-6. T. 633. Dr. Capicotto noted Plaintiff was employed full-time and opined her disability status was marked, permanent. T. 634.

In a letter dated April 9, 2014 to the New York Central Mutual Insurance Company, Dr. Capicotto reported that upon examination, Plaintiff walked with a normal and well-balanced gait, continued to wear her postoperative brace, and had point tenderness at the spinous process slight L5-S1. T. 869-71. Plaintiff's active range of motion extension was five degrees; forward flexion was eighty degrees. T. 872. Plaintiff's straight leg raise tests were pain free at ninety degrees bilaterally. Plaintiff was able to walk on her heels and toes normally. *Id*. Dr. Capicotto noted Plaintiff's post-op wound was well-healed and her lower extremity strength was five out of five on all points. Dr. Capicotto opined Plaintiff's lower back injury was one hundred percent causally related to the

9

no fault accident she was involved in in 2010, and that Plaintiff was under a total and temporary disability. *Id*.

In his decision, the ALJ summarized Dr. Capicotto's February 28, 2012 examination and noted several other treatment notes by Dr. Capicotto, including Plaintiff's April 9, 2014 examination. T. 18-20. Regarding Dr. Capicotto's letter to the New York Central Mutual Insurance Company dated April 9, 2014, the ALJ found it was of little weight because the opinion was unsupported by the corresponding physical examination, which showed normal findings. T. 20. The R&R concluded that the ALJ had appropriately weighed Dr. Capicotto's opinion. (Docket No. 15 at 11). The Court again agrees.

Under the Commissioner's regulations applicable to Plaintiff's claim, a treating physician's opinion is generally entitled to controlling weight where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with the other substantial evidence of record. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). If, acting within his discretion, an ALJ assigns less than controlling weight to a treating physician's opinion because it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature

10

and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" when determining what weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31-32).

The Court finds the ALJ clearly and permissibly justified his decision to give Dr. Capicotto's April 2014 opinion little weight. Dr. Capicotto's examination of Plaintiff on April 9, 2014 showed overall normal findings, as the ALJ pointed out in his decision. T. 20. Specifically, the ALJ noted Plaintiff had full strength, bilateral straight leg raising at ninety degrees, normal muscle tone, was able to walk on her heels and toes, had a normal gait, normal reflexes, and normal coordination. T. 19. These findings do not support Dr. Capicotto's opinion of a total disability. Moreover, and as Judge Foschio correctly noted in the R&R, a treating physician's opinion regarding the ultimate issue of disability is not entitled to any particular deference or weight. (*See* Docket No. 15 at 11). Accordingly, the Court finds no error in the evaluation of or weight assigned to Dr. Capicotto's opinion.

### B. Dr. Mechtler's Opinion

Plaintiff also makes a cursory argument that the ALJ improperly evaluated the opinion of Plaintiff's treating neurologist, Dr. Laszlo Mechtler. The Court finds this argument lacks merit.

As noted above, an ALJ has the discretion to assign less than controlling weight to the opinion of a treating physician, so long as he or she sets forth good reasons for doing so. *Halloran*, 362 F.3d at 33. In his decision, the ALJ found that Dr. Mechtler's March 2013 report to New York State and Local Retirement System that Plaintiff was one hundred percent disabled (T. 844) lacked any basis. T. 20. Specifically, the ALJ noted Dr. Mechtler provided no objective evidence to support his opinion and furthermore, the report noted Plaintiff's gastric bypass surgery, but not her back surgery. *Id*. The R&R found no error in this conclusion. (Docket No. 15 at 11).

The Court finds, as the R&R did, that the ALJ's reasons for giving no weight to Dr. Mechtler's report were appropriate and clearly stated, as required. *See Atwater*, 512 F. App'x at 70. In particular, the Court agrees that Dr. Mechtler's opinion was without basis in the record. Accordingly, the Court finds no error in the ALJ's evaluation of Dr. Mechtler's report.

### C. There is No Gap in the Record

Plaintiff further contends that the ALJ's rejection of both Dr. Capicotto and Dr. Mechtler's opinions, and the diminishment of consultative examiner Dr. Donna Miller's opinion, caused a gap in the record, leaving no medical authority on which the ALJ could rely to properly form the RFC. The Court finds this argument is without merit.

As discussed in detail above, the Court finds the ALJ's evaluation of Dr. Capicotto and Dr. Mechtler's opinions was proper and supported by substantial evidence. Furthermore, the ALJ afforded "significant" weight to the opinion of Dr. Miller, noting it was consistent with Plaintiff's postoperative condition. T. 20. Plaintiff's contention that the ALJ diminished Dr. Miller's opinion to the extent it left the record without any medical authority is therefore simply unsupported by the record.

Moreover, where the record contains numerous treatment notes for the ALJ to consider, an opinion from a treating physician is not necessarily required. *See Monroe v. Commissioner of Social Security*, 676 F. App'x 5, 8-9 (2d Cir. 2017) (ALJ did not need to seek out a treating source statement where the ALJ considered numerous treatment notes); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (remand was inappropriate where the medical record was sufficient for the ALJ to assess the petitioner's RFC, even without a medical opinion from a treating physician). Here, the ALJ had before him the treatment notes of

13

several of Plaintiff's doctors, as well as the consultative opinion of Dr. Miller, all of which he considered in making his disability determination. Accordingly, the Court finds no gap was created by the weight assigned to the medical opinions of record.

### 3. The ALJ's Function-by-Function Analysis

Plaintiff next contends the ALJ's function-by-function analysis fails to account for the bending and stooping limitations included in Dr. Miller's opinion. The Court disagrees.

On July 31, 2012, Dr. Miller opined Plaintiff had moderate-to-severe limitations for heavy lifting, bending and carrying. However, she noted, Plaintiff was only two months post-op surgery. Dr. Miller also opined Plaintiff should avoid exposure to extreme noise given her hearing loss. T. 668. The Court notes that no limitations for stooping was specifically noted in Dr. Miller's opinion.

The ALJ, relying in large part on Dr. Miller's opinion, determined that Plaintiff was capable of performing sedentary work. The R&R found that "the ALJ's residual functional capacity assessment of Plaintiff included consideration of Dr. Miller's findings on Plaintiff's ability to bend." (Docket No. 15 at 14).

The Court agrees that the ALJ's RFC finding adequately accounts for Dr. Miller's opinion regarding Plaintiff's bending limitations. 20 C.F.R. § 404.1567(a) defines sedentary work as work that "involves lifting no more than [ten] pounds at time and occasionally lifting or carrying articles like docket files,

ledgers, and small tools." Courts in this Circuit have routinely found that sedentary work is compatible with a moderate limitation in bending or stooping. *See, e.g., Stafford v. Astrue*, 581 F. Supp. 2d 456, 460 (W.D.N.Y. 2008) (the "restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work" (quoting SSR 96-9p, at *8); *Molina v. Barnhart*, No. 04 Civ. 3201(GEL), 2005 WL 2035959, at *8 (S.D.N.Y. Aug. 17, 2005) ("[b]oth light and sedentary work require occasional stooping or bending" (citing SSR 83-14 at *4; SSR 96-9p, at *8)). Accordingly, the sedentary level of work the ALJ found Plaintiff was capable of performing is consistent with the moderate limitation Dr. Miller opined Plaintiff had for bending. *See Molina*, 2005 WL 2035959, at *8. The Court therefore finds no error was committed when the ALJ did not specifically include limitations for bending or stooping in his RFC finding.

**4. The RFC Finding**

Finally, Plaintiff argues that the limitation in the RFC finding that Plaintiff "should not deal with difficult or obstreperous clients" is vague and improper, and as such, it was error for the ALJ to rely on the VE's testimony that was based on that limitation. Plaintiff also takes exception that the ALJ used the term "general public" in the hypothetical to the VE, but then narrowed the term to "clients" in his written decision. For the reasons discussed below, the Court finds this argument lacks merit.

15

At the October 2014 hearing, VE Pierson gave no indication he found the phrase "no work with difficult or obstreperous" individuals vague or unclear. *See* T. 85. To the contrary, VE Pierson specifically addressed the limitation, testifying "there'd be no guarantee that they could – they wouldn't be dealing with difficult individuals..." T. 86. Furthermore, VE Pierson testified that incorporating the limitation into the RFC would reduce the availability of jobs in the national economy that Plaintiff could perform by approximately fifty percent. *See* T. 88 ("And [529,702 positions is] at a 50 percent reduction overall, to account for situations that might involve interacting with difficult individuals.").

A plaintiff cannot overcome an ALJ's reasonable reliance on the testimony of a VE merely by denying such testimony with "conclusory proclamations to the contrary." *Bravaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011). Here, Plaintiff has provided no evidence to support the contention that the ALJ's terms were vague or that the VE was unclear as to their meaning. Accordingly, the Court finds no error in the ALJ's use of the terms "difficult" or "obstreperous" and further finds no error in the ALJ's reliance on the VE's testimony.

To the extent Plaintiff argues the ALJ's use of the term "clients" in the RFC finding, in place of the term "general public," was erroneous, the Court finds this argument is without merit. VE Pierson's testimony that an individual who should not

deal with difficult or obstreperous members of the general public is still capable of work encompasses a finding that an individual who merely could not deal with difficult and obstreperous clients would be capable of the same work, inasmuch as "clients" is a narrower subset of individuals than "the general public."

For the reasons set forth above, upon its *de novo* review and after careful consideration of Plaintiff's objections, the Court adopts the R&R in its entirety and accepts the recommendation that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted.

**CONCLUSION**

For the reasons set forth above, the R&R (Docket No. 15) is adopted. The Commissioner's motion for judgment on the pleadings (Docket No. 10) is granted, and Plaintiff's motion for judgment on the pleadings (Docket No. 8) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 30, 2018
         Rochester, New York